1 **CARMEN A. TRUTANICH**, City Attorney - **SBN 86629x**
**GARY G. GEUSS**, Chief Assistant City Attorney
2 **CORY BRENTE**, Assistant City Attorney
**DENISE C. MILLS**, Deputy City Attorney - **SBN 191992**
3 200 North Main Street, 6th Floor, City Hall East
Los Angeles, CA 90012
4 Phone No.: (213) 978-7032, Fax No.: (213) 978-8785
Email: denise.mills@lacity.org
5
Attorneys for Defendants **CITY OF LOS ANGELES, OFFICER DARIUS LEE,**
6 **AND SERGEANT RICHARD PARKS**

7                  UNITED STATES DISTRICT COURT

8                  CENTRAL DISTRICT OF CALIFORNIA

9

10

11 OSWALD FIGUEROA,                       ) CASE NO.: CV11- 7236 RGK(MANx)
                                          )
12              *Plaintiff,*              ) **PROTECTIVE ORDER ENTERED**
                                          ) **PURSUANT TO THE PARTIES'**
13     vs.                                ) **STIPULATION**
                                          )
14                                        )
CITY OF LOS ANGELES, OFFICER              )
15 LEE and SGT. PARKS,                    )
                                          )
16              *Defendants.*             )
                                          )
17 _____)

18        Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the

19 parties' Stipulation for Protective Order ("Stipulation") filed on October 16, 2012, the

20 terms of the protective order to which the parties have agreed are adopted as a protective

21 order of this Court (which generally shall govern the pretrial phase of this action) except

22 to the extent, as set forth below, that those terms have been substantively modified by the

23 Court's amendment of paragraphs 6, 7, and 8 of the Stipulation.

24        The parties are expressly cautioned that the designation of any information,

25 document, or thing as Confidential, Confidential Documents, Confidential Material,

26 Subject to Protective Order, or other designation(s) used by the parties, does not, in and

27 of itself, create any entitlement to file such information, document, or thing, in whole or

28 in part, under seal. Accordingly, reference to this Protective Order or to the parties'

1

1  designation of any information, document, or thing as Confidential, Confidential

2  Documents, Confidential Material, Subject to Protective Order, or other designation(s)

3  used by the parties, is wholly insufficient to warrant a filing under seal.

4  There is a strong presumption that the public has a right of access to judicial

5  proceedings and records in civil cases.  In connection with non-dispositive motions,

6  good cause must be shown to support a filing under seal.  The parties' mere designation

7  of any information, document, or thing as Confidential, Confidential Documents,

8  Confidential Material, Subject to Protective Order, or other designation(s) used by

9  parties, does not -- **without the submission of competent evidence, in the form of a**

10  **declaration or declarations, establishing that the material sought to be filed under**

11  **seal qualifies as confidential, privileged, or otherwise protectable** -- constitute good

12  cause.

13  Further, if sealing is requested in connection with a dispositive motion or trial,

14  then compelling reasons, as opposed to good cause, for the sealing must be shown, and

15  the relief sought shall be narrowly tailored to serve the specific interest to be protected.

16  *See* Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir. 2010).  For each

17  item or type of information, document, or thing sought to be filed or introduced under

18  seal in connection with a dispositive motion or trial, the party seeking protection must

19  articulate compelling reasons, supported by specific facts and legal justification, for the

20  requested sealing order.  **Again, competent evidence supporting the application to file**

21  **documents under seal must be provided by declaration.**

22  Any document that is not confidential, privileged, or otherwise protectable in its

23  entirety will not be filed under seal if the confidential portions can be redacted.  If

24  documents can be redacted, then a redacted version for public viewing, omitting only the

25  confidential, privileged, or otherwise protectable portions of the document, shall be filed.

26  Any application that seeks to file documents under seal in their entirety should include

27  an explanation of why redaction is not feasible.  Notwithstanding any other provision of

28  this Protective Order, in the event that this case proceeds to trial, all information,

documents, and things discussed or introduced into evidence at trial will become public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

<u>TERMS OF PROTECTIVE ORDER</u>

1.    The parties may designate as confidential the following:

[A]    Any and all personnel complaints brought against any named police officer defendant in this case, and any documents related to those complaints;

[B]    All compelled statements, whether written or recorded, of all involved police officers and city employees;

[C]    LAPD Internal Affairs' report regarding the incident underlying this case;

[D]    The identity of any persons who may have filed a personnel complaint against any party to this lawsuit;

[E]    Any and all arrest reports related to arrests made by any Defendant Officer in this case for a violation of Penal Code Section 415 and any of its subsections;

[F]    The TEAMS reports for each of the Defendant Officers; all of which Defendants believe might contain information of a privileged, confidential, private, or sensitive nature, by affixing to such document or writing a legend, such as "Confidential," "Confidential Documents," "Confidential Material," "Subject to Protective Order," or words of similar effect. This category of documents and writings so designated, and all information derived therefrom (hereinafter, collectively, "Confidential Information"), shall be treated in accordance with the terms of this **Protective Order**.

2.    Confidential Information may be used by the persons receiving such information only for the purpose of this litigation.

3.    Subject to the further conditions imposed by this **Protective Order**, Confidential Information may be disclosed only to the following persons:

3

1            (a)     Counsel for the parties and to experts, investigators, paralegal assistants,

2 office clerks, secretaries, and other such personnel working under their supervision;

3            (b)     Such other parties as may be agreed by written stipulation among the

4 parties hereto.

5            4.     Prior to the disclosure of any Confidential Information to any person

6 described in paragraph 3(a) or 3(b), counsel for the party that has received and seeks to use

7 or disclose such Confidential Information shall first provide any such person with a copy

8 of this **Protective Order**, and shall cause him or her to execute, on a second copy which

9 counsel shall thereafter serve on the other party, the following acknowledgment:

10            I understand that I am being given access to Confidential

11            Information pursuant to the foregoing **Protective Order**. I have

12            read the **Protective Order** and agree to be bound by its terms

13            with respect to the handling, use, and disclosure of such

14            Confidential Information.

15            Dated: _____/s/_____

16            5.     Upon the final termination of this litigation, including any appeal

17 pertaining thereto, all Confidential Information and all copies thereof shall be returned to

18 the defendants, except as to Court personnel. All Confidential Information disclosed to any

19 person or party pursuant to any provision hereof also shall be returned to the defendants.

20            6.     If any party who receives Confidential Information **thereafter** receives

21 a subpoena or other request seeking Confidential Information, he, she, or it shall

22 immediately give written notice to the defendants' counsel, identifying the Confidential

23 Information sought and the time in which production or other disclosure is required, and

24 shall object to the request or subpoena on the grounds of this **Protective Order** so as to

25 afford the defendants an opportunity to obtain an order barring production or other

26 disclosure, or to otherwise respond to the subpoena or other request for production or

27 disclosure of Confidential Material. Other than objecting on the grounds of this **Protective**

28 **Order**, no party shall be obligated to seek an order barring production of Confidential

Information, which obligation shall be borne by the defendants.  However, in no event should production or disclosure be made without written notice to defendants' counsel unless required by court order after serving written notice to defendants' counsel.  **Nothing in this Protective Order should be construed as authorizing a party in this action to disobey a lawful directive from another court.**

7.    Any pleadings, motions, briefs, declarations, stipulations, exhibits, or other written submissions to the Court in this litigation, which contain, reflect, incorporate, or refer to Confidential Information, shall be filed **with an application -- made in accordance with Local Rule 79-5 -- to file such Confidential Information under seal.** If the Court approves the application to file the documents under seal, the original and judge's copy of the document shall be sealed in separate envelopes with a title page affixed to the outside of each envelope.  No sealed or confidential record of the Court maintained by the Clerk shall be disclosed, except upon written order of the Court.

8.    Counsel for the parties hereto agree to request that any motions, applications, or other pre-trial proceedings **that** could entail the discussion or disclosure of Confidential Information be heard by the Court outside the presence of **anyone other than the parties, their counsel, and other designated representative, experts, or consultants who agree to be bound by this Protective Order, and court personnel**, unless having heard from counsel, the Court orders otherwise.  Counsel for the parties further agree to request that, during any portion of the trial of this action which could entail the discussion or disclosure of Confidential Information, access to the courtroom be limited to parties, their counsel, and other designated representative, experts or consultants who agree to be bound by this **Protective Order**, and court personnel, unless having heard from counsel, the Court orders otherwise.

9.    Nothing herein shall prejudice any party's rights to object to the introduction of any Confidential Information into evidence, on grounds including but not limited to relevance and privilege.

///

1        10.    This Protective Order survives settlement, trial, and/or appeal.

2

3   **IT IS SO ORDERED.**

4

5   DATED:  November 9, 2012

6

7   _____

8                    MARGARET A. NAGLE

9           UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28